```
         IN THE UNITED STATES DISTRICT COURT OF THE
              SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


KAELIN DAYE                                           PLAINTIFF


v.                        CIVIL ACTION NO.: 5:24-CV-100-DCB-LGI


UNITED AUTO CREDIT CORPORATION,
VROOM, INC., and
JOHN DOE DEFENDANT                                    DEFENDANTS
```

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Kaelin Daye ("Plaintiff")'s Motion to Remand [ECF No. 7] and on a Motion to Compel Arbitration [ECF No. 3] filed by Defendants United Auto Credit Corporation ("United") and Vroom Automotive, LLC d/b/a Vroom[1] ("Vroom"; United and Vroom are referred to collectively as "Defendants"). Because Plaintiff challenges the Court's diversity jurisdiction in her Motion to Remand, that motion must be addressed first. Odom Indus., Inc. v. Sipcam Agro Sols., L.L.C., No. 24-60410, 2025 WL 1576800 (5th Cir. June 4, 2025). Having reviewed the parties' submissions and applicable law, the Court finds that the Motion to Remand must be denied, and that Plaintiff shall have fourteen (14) days from the date hereof to respond to the Motion to Compel Arbitration in accordance with

---

[1] In its Notice of Removal, Vroom advises that it has been improperly identified as Vroom, Inc. in this litigation. [ECF No. 1] at 1.

1

the instructions set forth herein.

## BACKGROUND

Plaintiff initially filed this case in the Circuit Court of Adams County, Mississippi against United and a "John Doe" defendant. [ECF No. 1-1] at 5. She later amended her complaint and added Vroom as a defendant. Id. at 33. As set forth in the First Amended Complaint, Plaintiff entered a binding contract with Vroom, a used vehicle e-commerce company, for the purchase and finance of a vehicle. Id. at 33, 35. The total purchase price was $52,120.35, and Plaintiff made a down payment of $12,920. Id. at 35. After Plaintiff took possession of the vehicle, a dispute developed over her financing approval, which eventually resulted in repossession of the vehicle. Among other things, Plaintiff alleges that Defendants[2] illegally colluded to repossess the vehicle and damage her credit. Id. at 38, 41. In her amended complaint, she demands reimbursement for her $12,920 down payment on the vehicle, id. at 55, and an unspecified amount of actual and punitive damages, attorney fees, costs and interest. Id. at 54-56.

Months after filing her Amended Complaint, Plaintiff e-mailed a settlement demand letter of $500,000 to Defendants. [ECF No. 1-

---

[2] According to Defendants, Vroom assigned its contract with Plaintiff to United. E.g., [ECF No. 1-1] at 61. Plaintiff challenges the validity of the assignment. E.g., [ECF No. 1-1] at 39-40, 47; [ECF No. 8] at 7.

2

2]. Eight days later, Defendants removed the case to this Court on the grounds of diversity jurisdiction. [ECF No. 1]. Shortly thereafter, Defendants filed their Motion to Compel Arbitration. [ECF No. 3]. Instead of responding to the arbitration motion, Plaintiff moved to remand the case to state court. [ECF No. 7].

Proceedings in this case were temporarily stalled when Vroom notified the Court of its Chapter 11 bankruptcy filing in the United States Bankruptcy Court for the Southern District of Texas and the rise of the automatic stay under section 362(a) of the Bankruptcy Code. [ECF No. 18]. The parties have since updated the Court that proceedings in this matter can resume.

## DISCUSSION

In accordance with a recent Fifth Circuit opinion, <u>Odom Indus., Inc. v. Sipcam Agro Sols., L.L.C.</u>, No. 24-60410, 2025 WL 1576800 (5th Cir. June 4, 2025), the Court will first address Plaintiff's remand motion. In <u>Odom</u>, the Fifth Circuit explained that " … a district court typically must resolve a motion to compel arbitration before taking other action in a case." <u>Id.</u> at *2. However, an exception exists when the motion to remand is based on an alleged lack of jurisdiction, which is the case here. <u>Id.</u> at *3 ("A court must resolve jurisdictional issues before resolving a motion to compel arbitration.").

A. <u>Motion to Remand</u>

   1. <u>Timeliness Dispute</u>

Plaintiff challenges the Court's diversity jurisdiction in this

matter by first arguing that Defendants' removal of her case to federal court was untimely.  In support, she claims: (i) the removal occurred more than 112 days after Plaintiff filed her First Amended Complaint; (ii) the Amended Complaint reveals on its face that the amount in controversy exceeds $75,000; and (iii) the 30-day removal period under 28 U.S.C. § 1446(b)(1) was triggered.[3]  [ECF No. 7] ¶ 1.

Relying on 28 U.S.C. § 1446(b)(3) and Fifth Circuit precedent, Defendants counter that the removal was timely because (i) the original and amended complaints do not contain a specific allegation that Plaintiff's damages exceed the $75,000 federal jurisdictional amount; and (ii) the removal was filed within 30 days after their receipt of Plaintiff's settlement demand in the amount of $500,000, which constitutes "other paper" under Section 1446(b)(3).  [ECF No. 10] at 4-5; see 28 U.S.C. § 1446(b)(3) reproduced at n.3 herein.

---

[3] 28 U.S.C. § 1446(b)(1) and (b)(3) provide in pertinent part:

§ 1446. Procedure for removal of civil actions
…
**(b) Requirements; generally.--(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based … .

**(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b)(1), (3) (West).

4

Plaintiff's objection to removal creates a classic "timeliness dispute", which the Fifth Circuit addressed in its seminal case, <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 163 (5th Cir. 1992), and explained further in <u>Mumfrey v. CVS Pharmacy, Inc.</u>, 719 F.3d 392, 398 (5th Cir. 2013).  A timeliness dispute may arise when removal does not occur within thirty days after the defendant's receipt of the initial pleadings under Section 1446(b)(1), but instead the case is removed within thirty days of receiving an amended pleading or "other paper" under Section 1446(b)(3).  <u>Mumfrey</u>, 719 F.3d at 398.  In <u>Chapman</u>, the Fifth Circuit adopted a bright line rule that governs timeliness disputes like the one now before the Court:

> We … conclude for the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading **only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.** We adopt this rule because we conclude that it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know. … We believe the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, **by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount.**

<u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added); see <u>Mumfrey</u>, 719 F.3d at 400 (affirming <u>Chapman</u>'s bright line rule: "Thus, the rule remains that the thirty-day clock is not triggered unless the initial pleading

5

'affirmatively reveals on its face' that the plaintiff[] sought damages exceeding the jurisdictional amount."). Chapman's bright line rule continues to be viable in recent Fifth Circuit district court rulings. E.g., Shawl v. Freedom Specialty Ins. Co., No. CV 24-2125, 2025 WL 2267719, at *2 (E.D. La. Aug. 8, 2025) (plaintiff's original petition failed to satisfy Chapman's bright line rule because it lacked a "specific allegation" that his damages exceed the federal jurisdictional minimum); Bardley v. Metcalf, No. 3:24-CV-146-KHJ-MTP, 2024 WL 2261127, at *2 (S.D. Miss. May 17, 2024)(because the complaint did not contain a specific allegation that damages were in excess of the federal jurisdictional amount, case was not removable and removal clock was not triggered until defendant received "other paper" from which case was removable); Allen v. Bulk Logistics, Inc., 485 F. Supp. 3d 691, 695–96 (S.D. Miss. 2020) (following Chapman's bright line rule and expressly rejecting the "facially apparent" test in timeliness disputes).[4]

---

[4] The Court finds instructive Judge Starrett's well-worded summary in Bulk Logistics of the distinction between the two types of removal disputes that are recognized in the Fifth Circuit and the tests applicable to each:

> The Fifth Circuit has recognized two types of removal disputes—"amount disputes" and "timeliness disputes." *Mumfrey*, 719 F.3d at 398. "Amount dispute" cases are those where a defendant removes a case within thirty days of receiving a pleading, but before the amount in controversy is clearly established—and the plaintiff moves to remand, objecting that the amount in controversy has not been met. *Id.* In that situation, the

6

Plaintiff offers her own interpretation of Chapman's bright line rule and argues that exact figures for her damages are not required because it is apparent from the pleadings' context that the amount in controversy exceeds $75,000, which made the case removable. [ECF No. 14] ¶¶ 1-2. Plaintiff asserts that "Defendants had ample information from the detailed allegations in the complaint to determine that the jurisdictional minimum was far exceeded, making their delayed removal improper." [ECF No. 8] at 15. Similarly, the plaintiff in Mumfrey argued "that his initial pleadings were removable because his list of damages was so extensive it was clear his claims satisfied the jurisdictional amount." Mumfrey, 719 F.3d at 399. The Fifth Circuit rejected that argument because "the initial complaint did not contain a

---

defendant must prove by a preponderance of the evidence that the amount-in-controversy requirement is satisfied and can do so where the jurisdictionally required amount in controversy is "facially apparent," albeit not expressly stated. *Id.* at 398, 400.

A "timeliness dispute" occurs when the defendant does not remove during the initial thirty-days after receiving the initial pleading, but rather removes under § 1446(b)(3) within thirty days of receiving some amended pleading or "other paper." *Mumfrey*, 719 F.3d at 398. In this type of dispute, the plaintiff objects, arguing that it was clear from the initial pleading that the case was removable, which makes the defendant's removal untimely. *Id.* The type of dispute is important because different standards apply to each. *Id.*

Allen v. Bulk Logistics, Inc., 485 F. Supp. 3d 691, 694 (S.D. Miss. 2020).

'specific allegation that damages are in excess of the federal jurisdictional amount.'" Id. at 400.  Plaintiff does not claim that her initial and amended complaints contain the specifically worded allegation required in Mumfrey and in Chapman's bright line rule.  Instead, she falls back on a "facially apparent" argument, which is irrelevant in timeliness disputes such as this one.  Id.; Bulk Logistics, 485 F. Supp. 3d at 694-96; see legal standard discussion from Bulk reproduced at note 4 of this memorandum opinion.  In accordance with controlling Fifth Circuit precedent, the Court rejects Plaintiff's argument and finds that Plaintiff's settlement demand in the amount of $500,000 constituted "other paper" for the purposes of 28 U.S.C. § 1446(b)(3).  Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000) (plaintiff's post-complaint demand letter was "other paper" under § 1446(b) which gave defendant notice that the case was removable); Franklin v. Natchez Auto Ventures II, LLC, No. 5:23-CV-85-KS-BWR, 2023 WL 8582631, at *2 (S.D. Miss. Nov. 2, 2023)(same); Bulk Logistics, 485 F. Supp. 3d at 696 (same).  Defendants' removal of this case to federal court within thirty (30) days of receipt of the $500,000 settlement demand was timely.  See 28 U.S.C. § 1446(b)(3) reproduced at n.3 herein.

   2.  Plaintiff's Remaining Arguments

   The Court has considered, and must reject, all of Plaintiff's remaining arguments in her Motion to Remand.  See [ECF No. 7] ¶ 2

8

(waiver), ¶3 (forum shopping), ¶4 (John Doe citizenship), ¶5 (attorney fees).  Given that Plaintiff's rebuttal memorandum [ECF No. 16] makes no mention of these alternative arguments other than to repeat a general demand for attorney fees and costs, [ECF No. 16] at 10, it appears that Plaintiff may have abandoned them.  Her entire rebuttal memorandum is dedicated to her interpretation of Chapman/Mumfrey.  Id. at 1-10.  Plaintiff offers no response to the positions and legal authorities cited in Defendants' opposition brief regarding her claims of waiver, forum shopping, John Doe residency, and attorney fees.  [ECF No. 10] at 9-17.  The failure to defend claims may constitute abandonment or waiver. Black v. N. Panola Sch. Dist., 461 F.3d 584, 588 (5th Cir. 2006)(failure to pursue issue in response constituted waiver); Vela v. City of Houston, 276 F.3d 659, 679 (5th Cir. 2001) (failure to defend claim in responses to motion to dismiss constituted abandonment); Kellam v. Servs., No. 3:12-CV-352-P, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), aff'd sub nom. Kellam v. Metrocare Servs., 560 F. App'x 360 (5th Cir. 2014) (it was proper to consider issue regarding material facts waived due to plaintiff's failure to directly address it).  In any event, there are other meritorious reasons for denying each of Plaintiff's remaining arguments.

    a. Waiver.  Filing a motion to compel arbitration early in the state court proceedings before Plaintiff delivered her

9

$500,000 settlement demand and caused the case to become removable does not indicate "a clear intent to remain in state court" as Plaintiff claims.  Quite the opposite: Through their limited actions in state court, Defendants never sought an adjudication on the merits, and the state court never ruled on the motion to compel arbitration.  See state court docket sheet, [ECF No. 1-1] at 2-3.  The record in this case demonstrates that there was no waiver of Defendants' right to remove to federal court.  Tedford v. Warner-Lambert Co., 327 F.3d 423, 428 (5th Cir. 2003), superseded by statute on other grounds, ("A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits.").

    b.  Forum Shopping.  Plaintiff claims that Defendants' "belated removal to federal court" was impermissible forum shopping.  [ECF No. 7] ¶ 3; [ECF No. 8] at 28.  Plaintiff cites no rule or statute that allegedly may have been violated, and she provides no applicable law to support her claim.  Additionally, the Court has found that the removal was timely and not belated as Plaintiff contends.  This claim has no merit.

    c.  John Doe.  While recognizing the existence of 28 U.S.C. § 1441(b)(1), Plaintiff argues nonetheless that the inclusion of a John Doe defendant, whom Plaintiff believes will prove to be a Mississippi resident once discovery is conducted, defeats diversity jurisdiction in

10

this case.  Section 1441(b)(1) provides:

> **(b) Removal based on diversity of citizenship.--(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, **the citizenship of defendants sued under fictitious names shall be disregarded.**

28 U.S.C. § 1441(b) (emphasis added).  The statute is dispositive.  Plaintiff's John Doe argument fails.

    d.  <u>Attorney Fees and Costs</u>.  The Court finds none of Plaintiff's arguments for remand to be valid.  Given that the Court will not order a remand of the case to state court, Plaintiff's request for attorney fees and costs under 28 U.S.C. § 1447(c) is denied.

    Having considered all arguments presented, the Motion to Remand [ECF No. 7] is denied.

B.  <u>Motion to Compel Arbitration</u>

    Plaintiff has not filed a response in these proceedings to the pending Motion to Compel Arbitration.  [ECF No. 3].  Plaintiff will be given fourteen (14) days from the date of this Memorandum Opinion and Order to respond to the arbitration motion.  If Plaintiff fails to respond by the deadline, her opportunity to oppose arbitration will be deemed waived.  Defendants will have seven (7) days from the date of Plaintiff's response to file a rebuttal or inform the Court that Defendants will not be filing a rebuttal.

    No extensions of time to respond will be granted given that the parties already have briefed arbitration in the state court proceedings, and neither party is a stranger to the facts and governing law related

to the issue of arbitration in this matter.

Accordingly,

**IT IS ORDERED that** Plaintiff's Motion to Remand [ECF No. 7] is denied; and

**IT IS FURTHER ORDERED that** Plaintiff shall have fourteen (14) days from the date hereof to respond to Defendant's pending Motion to Compel Arbitration [ECF No. 3] or to file notice with the Court that she will not be filing a response; and

**IT IS FURTHER ORDERED that** Defendants shall have seven (7) days from the date of Plaintiff's response to file a rebuttal or to file notice with the Court that Defendants will not be filing a rebuttal; and

**IT IS FURTHER ORDERED that** the parties shall timely perform the Court's directions as set forth in this Memorandum Opinion and Order. All deadlines shall be strictly enforced.

**SO ORDERED,** this the 26th day of August 2025.

                                                /s/ David C. Bramlette
                                                United States District Judge